REQUESTED BY: Senator John W. DeCamp Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator DeCamp:
You have written asking us several questions concerning the Executive Board, the Legislative Council, and the statutes pertaining thereto as they relate to the duty, responsibility, and authority of elected members of the Legislature. We will attempt to answer the questions that you raised in the order in which you raised them.
In your first two paragraphs you indicate that the law provides the Legislative Council is a separate body from the Legislature, legislators are elected under the Constitution, the Legislative Council is a statutory creation, that the members of the Legislative Council are not elected by the people of the State of Nebraska and that they have no lawmaking powers except that granted by acts of the Legislature. With respect to the Executive Board, you point out that it is the Executive Board of the Legislative Council and `thus, any limitations, as I read it, on the Legislative Council that might come about by virtue of the way they are created and the fact that they are non-elected officials and merely a creation of the Legislature, would apply to the Executive Board of the Legislature.'
In your first question you ask, `whether the Legislative Council, as such, is indeed a body with no lawmaking authority and a body distinct and separate from the Unicameral?' Neb.Rev.Stat. § 50-401 (Reissue 1978) provides:
 There is hereby created a Legislative Council, hereinafter referred to as council, which shall consist of all of the members of the Legislature. It shall be the function of the Legislative Council to consider legislative policies between sessions of the Legislature and carry out the duties imposed by section 50-402.
Section 50-402, among other things, authorizes the Legislative Council to collect information, examine the effects of statutes, to deal with important issues of public policy, to prepare a legislative program in the form of bills, or otherwise, study federal aid, establish and maintain a bill drafting service, supervise all service and service personnel required by the Legislature, provide for the publication of the statutes in Nebraska, and set up subcommittees within the Executive Board to carry out functions, including investigations of any area it decides is in the public interest. Therefore, it is clear that the Legislative Council is, in fact, a body established under § 50-401. It cannot, however, be said that it is a body distinct and separate from the Legislature itself. The section establishing the Legislative Council states that it shall consist of all members of the Legislature. To say that it is a separate and distinct body from the Legislature would imply that there were either different, additional or fewer members of one body than the other. It would appear to us that the Legislative Council is no more than a committee of the whole Legislature constituted for the purpose of performing the functions specified in § 50-402 and other statutes. As we read the statutes, the Legislative Council's functions are primarily, although not exclusively, performed during the interim between legislative sessions.
The other part of your initial question is whether or not it has any lawmaking authority. (We assume you mean thepower to enact statutes and make appropriations.) The Constitution of the State of Nebraska sets out the authority to make laws. Article III, Section 1, establishes the Legislature and vests therein the legislative authority of the state. Article III generally sets forth the manner in which laws may be enacted by the State of Nebraska. Article III, Section 13, for instance, in part provides, `No law shall be enacted except by bill. No bill shall be passed by the Legislature unless by the assent of a majority of all members elected and the yeas and nays on the question of final passage of any bill shall be entered upon the journal.' Other provisions of Article III specify the manner in which bills are introduced, enacted, and presented to the Governor. Obviously, the Legislative Council is not the Legislature as such in that meetings of the Legislature are specified constitutionally with respect to duration and with respect to certain matters of procedure. So, when you speak of `lawmaking authority' in terms of enacting statutes or appropriating money, the Legislative Council as such has no `lawmaking authority.'
In addition, we note the Legislative Council has been in existence since 1937. No question has been raised regarding the authority of the Legislature to establish standing interim committees. We do not believe there is any question of the power to create such committees.
In your next question you state:
 Second, it would appear that a member of the Legislature is compelled by statute to be a member of the Legislative Council. My question is whether a legislator has an option as to whether he/she wishes to be a member of this separately created body, the Legislative Council, in view of the fact that nothing in the Constitution provides that when a person runs for the Legislature and becomes a member of the Legislature he/she can be compelled by law to be a member of some other group?
When an individual runs for a public office, often by virtue of that public office he becomes a member of other committees or other groups. For instance, the Governor, the Attorney General, and the Secretary of State, under Article IV, Section XIII, constitute the Board of Pardons. Other officers of state government are ex officio members by statute of any variety of boards, commissions, and committees. When an individual determines that he or she shall run for a particular office, that person, by virtue of that decision, is subject to any laws or constitutional provisions which require the office holder to serve on other committees or groups. We can see no distinction between that result for an executive officer or for a legislative officer. By becoming a member of the Legislature by election, each member is subject to being assigned to various committees, chairmanships, special committees, and other such groups. Obviously, the Legislature may adopt rules and regulations not inconsistent with law or with the Constitution to govern its internal operations. The Legislature may do that, either by statute or by rule. In this case the Legislature has chosen to adopt by statute a method organizing a Legislative Council to perform duties including duties which are performed during the interim. Other states have similar committees.
In your next question you state that your previous question is important because you believe that the Legislative Council, acting under color of law, raises serious doubts in your mind as to whether certain of their actions are constitutional. You state, `Legislative Council members are apparently under 50-415 Neb.Rev.Stat. allowed to have certain privileges and rights that are not allowed to members of the Legislature under the Constitution of the State of Nebraska. . . . I am also ordered by statute, 50-415, to be compensated for expenses. My next question is this: Am I not in effect being ordered by statutes to violate the Constitution with no choice?'
Of course, you are not required to file a claim for reimbursement. Neb.Rev.Stat. § 50-415 (Reissue 1978) provides: The members of the council shall be compensated for actual expenses incurred while attending sessions of the council and the members of any committee of the council shall be compensated for actual expenses incurred while on business of the committee.' In the first instance, Article III, Section 25, provides:
 No allowance shall be made for the incidental expenses of any state officer except the same be made by general appropriation and upon an account specifying each item. No money shall be drawn from the treasury except in pursuance of a specific appropriation made by law, and on the presentation of a warrant issued as the Legislature may direct, and no money shall be diverted from any appropriation made for any purpose or taken from any fund whatever by resolution.
Without specifying in great detail the statutory framework, it is sufficient to say that no expenses are paid except upon the presentation of a claim filed by the individual to whom the expenses are due. Secondly, no expense is paid unless there is an appropriation. The triggering mechanism is the filing of a claim by an individual for reimbursement of the expenses incurred. If you choose not to be reimbursed, do not file the claim. Anyone may volunteer their services gratis to the state if they desire to do so. There is no requirement in the law that the state pay for particular services rendered when the individual having rendered those services wishes not to be paid.
As an additional matter, as you have pointed out, our office has construed on a number of occasions the times during which and the functions for which legislators may be reimbursed their expenses. You are well aware that expenses may be reimbursed during the interim but not during the legislative session. We would note at this time that we have had two requests for our opinion on LB 206 which was recently passed by the Legislature. We have rendered an opinion to Senator Chambers (No. 17, February 3, 1981) and to Senator Hefner, copies of which are attached hereto.
You next point out that § 50-416 authorizes the Executive Board of the Council to appoint the Retirement Systems Committee. You state, `I question whether this is an illegal delegation of authority in that non-elected official or apparent officials who are not functioning in a legislative capacity determine what can only be determined or approved by members of the Legislature. While I realize that the members of the Legislative Council are indeed coincidentally members of the Legislature, it is clear from the statutes than when they are members of the Legislative Council they are not functioning with their authority as legislative members.' You further point to § 50-418 which provides for the establishment of the Fiscal Analyst office and his appointment by the Executive Board, along with his powers and duties, and §§ 50-421 and 424 which authorize the Executive Board to appoint the Transportation Advisory Committee and which provide for its duties. With the exception of the Legislative Fiscal office, each of these committees to which you point are charged with duties of studying particularized topics. For instance, § 50-425 provides, `The purpose of the committee shall be to study issues affecting telecommunications. The committee shall not hear or act on legislative bills during any session of the Legislature.' Section50-417 provides that the Nebraska Retirement Systems Committee is to study legislative proposals affecting public retirement systems and report the results of such study to the Legislature. The Legislative Fiscal Analyst is established within the Legislative Council and given a wide variety of duties which are primarily directed toward providing the Legislature with information on fiscal matters concerning state government.
In the well reasoned opinion of State ex rel. James v.Arnson, 314 P.2d 849 (Mont. 1957), the Montana Supreme Court was concerned with a legislative council composed of six members of the House of Representatives and six members of the Senate of Montana. The court rejected claims that such a body violated constitutional proscriptions prohibiting the appointment of members of the Legislature to civil offices under the state, that it was a violation of the separation of powers article of the Montana Constitution, that it violated the provision of the Montana Constitution limiting the time which a legislature could assemble, as well as certain questions regarding the payment of expenses to members serving on this council during the interim. The Montana Supreme Court in considering similar contentions to those you raised said:
 With the possible exception of Mitchell v. Holmes 128 Mont. 275, 274 P.2d 611, there is to our knowledge no decision of any court denying the legislature the power to create by statute a committee to serve in the interim between sessions of the assembly. On the contrary, all courts have uniformly held that the investigative power exists in the legislative branch which may be exercised after final adjournment as well as during the session.
That opinion also listed several of the states that at the time of its issuance had similar legislative committees. They included Illinois, Kansas, Kentucky, Maryland, Missouri, Nebraska, North Dakota, Oklahoma, Pennsylvania, Rhode Island, and Virginia. We have no problem in determining that the Legislature clearly had have no problem in determining that the Legislature clearly had Executive Board, that it clearly had the authority to give those boards the power to perform certain legislative actions which are primarily investigatory. As such, we can find no constitutional problem with the establishment of the Legislative Council or the Executive Board as it is presently constituted.
In the final paragraph of your letter you indicate that you believe that the members of the Legislature are in jeopardy of violating the Constitution because the Legislative Council is a device to collect money for legislators otherwise prohibited by the Constitution of the State of Nebraska. While we have previously indicated in opinions that legislators may be reimbursed their expenses for legislative activities which occur during the interim, we would anticipate, should LB 206 pass, that a lawsuit would be commenced to determine the constitutionality of that act. We believe that as a part of that lawsuit it would be appropriate for us to raise the question of whether or not expenses may be paid to legislators in their role as members of the Legislative Council, Executive Committee, or other committees established by the Legislative Council or appointed by the Executive Board during the interim. Such a challenge to any reimbursement of expenses may be anticipated if LB 206 becomes law.
As you also pointed out in your letter since your questions concern the constitutionality of statutes which are currently in existence, under ordinary circumstances we would not have responded to your queries. However, due to the apparently intense interest in the question of reimbursement of expenses for legislators, we felt that it was appropriate to respond to your inquires, notwithstanding our long-followed policy.
Sincerely, PAUL L. DOUGLAS Attorney General Patrick T. O'Brien Assistant Attorney General